Aponte Jiménez, Juez Ponente
*1141 TEXTO COMPLETO DE LA SENTENCIA
El Tribunal de Distrito, Sala de San Juan, dictó sentencia el 4 de enero de 1994 contra la parte demandada-apelante. Estimó la demanda presentada en su contra y le desestimó la reconvención que contra el demandante-apelado instó. Señaló en la sentencia emitida que la demandada-apelante no compareció a la vista del caso a pesar de haber sido citada ni presentó prueba para sostener su reconvención, razón por la cual se la desestimó.
El 24 de febrero de 1994 se archivó en autos copia de la notificación de la sentencia. Inconforme, la demandada-apelada estableció recurso de apelación el 28 de marzo de 1994 ante la Sala de San Juan del Tribunal Superior. Imputó al tribunal sentenciador, como único error, la apreciación a que sometió la prueba desfilada para emitir su sentencia.
El trámite procesal apelativo referente a los casos en grado de apelación pendientes de resolver ante el Tribunal Superior, procedentes del Tribunal de Distrito, pendientes de resolver al momento de entrar en vigor la nueva Ley de la Judicatura, está regulado por el Artículo 9.004(b) de dicho cuerpo legal. De conformidad con el referido precepto, en vigor desde el 24 de enero de 1995, el Tribunal de Primera Instancia, Sala Superior de San Juan, ordenó el 16 de mayo de 1995 que el presente recurso, pendiente a esa fecha ante dicho foro, fuese remitido al Tribunal de Circuito de Apelaciones para su consideración y dictamen.
Examinados los autos ante nos surge que el recurso de apelación que nos ocupa se presentó luego de haber transcurrido treinta y dos (32) días después de haberse archivado en autos copia de la sentencia recurrida. No hay constancia de que en el tribunal a quo se presentase escrito o procedimiento alguno que tuviese el efecto de interrumpir el término para apelar. Tampoco surge que la demandada apelada notificara al Tribunal Superior, al cual apeló, con copia del escrito de apelación dentro del término de treinta (30) días que tiene para apelar.
Asimismo, el récord está huérfano de documentación que acredite que luego de presentado el escrito de apelación, la demandada-apelada haya realizado gestión alguna conducente a perfeccionar la apelación establecida.
La Regla 53.1(a) de las de Procedimiento Civil vigentes, 32 L.P.R.A. Ap. Ill, R. 53.1, aplicable a todo recurso de apelación en casos civiles, dispone que: ”[l]a apelación se formalizará presentado un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso y copia del mismo en la secretaría del tribunal de apelación dentro de los treinta (30) días siguientes al archivo en autos de la notificación de la sentencia." De otro lado, la Regla 4 de las de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. Ill A., R. 4, en vigor al momento que el demandado-apelante instó el escrito de apelación que nos ocupa, disponía que para formalizarse la apelación se notifique con copia de ella al tribunal al cual se apela, en este caso al Tribunal Superior, dentro del término reglamentario para apelar.
La apelación incoada no cumplió con ninguno de los dos preceptos citados. Primeramente, el recurso de apelación se presentó ante el Tribunal de Distrito dos días después de haber transcurridos los treinta (30) días reglamentarios para apelar. Dicho término no fue interrumpido mediante cualesquiera de los trámites que contemplan las Reglas 43.4 y 47 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43.3 y 47. En segundo lugar, la demandada-apelante omitió notificar con copia *1142 del escrito de apelación al tribunal al cual apeló.
El hecho de haberse presentado el recurso de apelación luego de haber transcurrido treinta (30) días después de que se archivara en autos copia de la notificación, nos priva de jurisdicción para considerar el recurso. En lo referente a la notificación con copia del escrito de apelación al tribunal que se apela, aunque el término para notificar es de cumplimiento estricto, la inobservancia del requisito de notificar también conlleva que nos neguemos a considerar el recurso, aún asumiendo que tuviésemos la jurisdicción requerida.
Independientemente de lo anterior, el demandante-apelante luego de presentar el recurso de apelación no ha realizado trámite alguno para perfeccionarlo. Semejante actuación denota conducta constitutiva de demora, abandono y falta de diligencia en perjuicio de la eficiente administración de la justicia.
Aplicando los principios y fundamentos que anteceden al asunto que nos ocupa, se ordena y decreta la desestimación del presente recurso por falta de jurisdicción.
Lo acuerda el tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 291
1. "Artículo 9.004: Asuntos' pendientes, jurisdicción apelativa abolida del Tribunal Superior; jurisdicción original del Tribunal Superior y el Tribunal Supremo.

a)...

b) Todo recurso pendiente ante la consideración del Tribunal Superior, dentro de su jurisdicción apelativa, originado en el Tribunal de Distrito, o el Tribunal Municipal deberá resolverse dentro del término de seis (6) meses a partir de la aprobación de [la] ley; disponiéndose que una vez transcurrido dicho término, los asuntos pendientes se referirán para su trámite y resolución al Tribunal de Circuito de Apelaciones.

c)...

d)...

d)..."

2. "Regla 4. Modo de formalizar la apelación

Se formalizará la apelación radicando un escrito de apelación en la Secretaría del Tribunal de Distrito que dictó la sentencia, y copia en la Secretaría del Tribunal Superior al que se apela, dentro del término y con la notificación a todas las partes conforme lo provisto en la Reglas de Procedimiento Civil; Apéndice III del Título 32, o en las Reglas de Procedimiento Criminal, Apéndice II del Título 34, según fuere el caso. Si el escrito de apelación no se radicare y notificare en la forma y dentro de los términos antes dispuestos, la apelación será desestimada por el Tribunal Superior, a iniciativa propia o a solicitud de parte."

3. 'Regla 43.4. Interrupción de término para solicitar remedios posteriores a la sentencia

Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales quedaran interrumpidos los términos que establecen las Reglas 47, 48 y 53, para todas las partes. Estos términos comenzaran a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas."

*1143 4. "Regla 47. Reconsideración

La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución y orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o solicitar revisión se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o solicitar revisión empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano".